IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DONALD DUNCAN<br>Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§<br>§<br>§ | Case No._____ |
| E.W. WYLIE CORP.<br>Defendants. | §<br>§ | Jury Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff DONALD DUNCAN and files this ORIGINAL COMLAINT against Defendant, E.W. WYLIE CORPORATION. For cause of action, Plaintiff asserts the following:

### A. PARTIES

1. Plaintiff, DONALD DUNCAN (hereinafter "Plaintiff") is an injured individual residing in Henderson County, Texas.

2. Defendant E.W. WYLIE CORPORATION (hereinafter referred to as "Defendant Wylie") is a foreign corporation residing in the state of North Dakota and/or Minnesota. Wylie Corp. can be served with process through its registered agent in Texas: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### B. JURISDICTION & VENUE

3. This Court has diversity of citizenship jurisdiction over this action under 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this action is between businesses or individual citizens of different States. All of the corporate and limited liability defendants have engaged in intentional and systematic contacts with the State of Texas and the instant lawsuit directly arises from Defendant's specific contacts with Texas.

4. Venue is proper in this district under the provisions of 28 U.S.C. § 1391(c)(2), which provides that, for venue purposes only, a corporation is a resident of any judicial district in which it is subject to the court's personal jurisdiction. Because Wylie Corp. is subject to the Court's personal jurisdiction with respect to the civil action in question, it is deemed to reside in the Eastern District of Texas, Marshall Division, and venue is proper in this District and Division. Further, the wreck happened in the Eastern District of Texas, giving venue to the Eastern District.

## C. FACTS

5. This case arises from an automobile wreck in Henderson County. On or about 5 in the morning on November 30, 2015, Jackie Lynn Hammond was traveling on a two-lane highway in Athens, Texas. Without checking if it was safe to do so, Hammond attempted to pass the vehicle ahead by merging onto the lane meant for traffic flowing in the opposite direction. Plaintiff was traveling in his correct lane, coming from the opposite direction as Hammond merged. Hammond struck Plaintiff's car head on, and Plaintiff suffered severe damages and injuries as a result. Hammond was driving a commercial vehicle owned by defendant Wylie, and he was in the course and scope of his employment at time of the wreck.

## D. RESPONDEAT SUPERIOR

6. Whenever it is alleged in this Complaint that a Defendant did any act or thing, it is meant that the Defendant Wylie's agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did such act or thing, and at the time such act or thing was done, it was done with the authorization of Defendant Wylie or was done in the normal routine course of the agency or employment of the Defendant Wylie.

7. In addition to the other Counts herein, the incident made the basis of Plaintiff's, lawsuit was proximately caused by the negligence of Defendant Wylie through its employee and authorized agent, Jackie Lynn Hammond.

## E. NEGLIGENCE AND NEGLIGENCE PER SE OF DEFENDANT WYLIE

8. Jackie Lynn Hammond had a duty to exercise ordinary care and operate Defendant Wylie's vehicle reasonably and prudently

9. The accident made the basis of this suit was proximately caused by the negligence of Defendant Wylie through its employee, Hammond. Defendant owed a duty of reasonable care and safety to Plaintiff. He breached that duty by the following acts or omissions, including, but not limited to one or more of the following:

      a. Failing to keep a proper lookout;

      b. Driver inattention;

      c. Reckless driving;

      d. Passing a vehicle ahead without checking if it was safe to do so;

      e. Reckless operation of a motor vehicle;

      f. Negligent use of motor vehicle; and

      g. Negligent control over motor vehicle;

Additional acts and omissions by Defendant may be presented at the time of trial.

10. Each and all of the above acts and omissions, singularly or in combination with others, constituted negligence and/or negligence per se, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Hammond committed violations of statutory law, which include but are not limited to the following:

      a. Tex. Transp. Code § 545.054; Passing to the left on a highway when it was not safe to do so.

      b. Tex. Transp. Code § 545.060(2); A driver may not move from his or her lane on a lane highway unless it is safe to do so.

      c. Tex. Transp. Code § 545.401; reckless driving.

11. By not checking to see if it was safe to bypass the vehicle ahead of him by merging into the left lane, Hammond chose to disregard the reasonable traffic rules that govern Texas highways. Hammond was well aware of the reasonable standards of drivers because Hammond was a licensed driver employed by Defendant Wylie as a professional driver.

12. Plaintiff, upon reason and belief, notes that the contents of Jackie Hammond's personnel file with Wylie evidence Wylie's knowledge that Hammond should not have been driving that commercial vehicle.

### F. NEGLIGENT ENTRUSTMENT, HIRING, AND TRAINING

13. Defendant Wylie entrusted its vehicle to an employee, Jackie Lynn Hammond. The employee's job was to drive Wylie's truck for transportation.

14. Hammond was a reckless driver based on inexperience and actions that he took prior to the accident. These unreasonable actions caused injuries, harm, and damages to the Plaintiff.

15. Defendant Wylie knew or should have known that Defendant Hammond was a reckless driver based on Defendant Hammond's inexperience and prior actions.

16. Hammond was negligent at the time of Plaintiff's injury. Defendant Hammond neglected the safety of other drivers by not staying within his lane while in the scope of his employment during dark conditions.

17. Defendant Wylie could reasonably have anticipated that entrusting such a large vehicle to a reckless driver would result in injury.

18. In addition, Defendant Wylie had a duty to use reasonable care to select an employee who was competent, fit, and responsible enough to operate a large vehicle safely. Defendant Wylie owed this duty to Plaintiff, and this duty was breached.

19. Defendant Wylie had a duty to train employee-drivers to operate large vehicles with reasonable care in respect to other drivers. This duty was breached, as displayed when Hammond recklessly drove in a lane meant for oncoming traffic.

20. Defendant Wylie knew or should have known that Hammond would operate the large truck in a reckless manner with disregard to other drivers.

21. Defendant Wylie knew or should have known that Hammond was not competent and responsible for his driving duties, which required the safe operation of a large vehicle.

22. Defendant Wylie could reasonably have anticipated that entrusting a vehicle to a reckless and inexperienced driver would result in an injury. The size of the truck, as well as the skill that it takes to drive such a large vehicle, should have put Defendant Wylie on notice that any reckless operation of such a vehicle could result in injury.

23. Further, Defendant Wylie failed to properly train and enforce safety policies established as industry standards for ensuring the safe transportation of commercial goods on US highways.

### G. GROSS NEGLIGENCE

24. In addition to the other Counts herein, Defendant Wylie is liable for its employee's grossly negligent conduct. In support thereof, Plaintiff asserts the following:

25. The damages sustained by Plaintiff was proximately caused, in whole or in part, by the negligence of the employee of Defendant through his reckless behavior. By looking down

while driving in wet conditions, Hammond proceeded with conscious indifference to the rights, safety, and welfare of others, namely Plaintiff. Defendant Hammond was subjectively aware of the risks posed by the dark conditions at the time of the incident and was aware of the harm that the delivery truck could pose in the event of a collision. Despite being aware of these risks, Hammond willingly and intentionally merged into the lane meant for traffic heading in the opposite direction. Defendant did so with reckless and intentional disregard of oncoming traffic, and struck Plaintiff's vehicle.

26. Defendant Wylie entrusted its delivery vehicle to Hammond. Hammond delivered products to Defendant Wylie's clients. Wylie had subjective awareness of the risk Hammond presented to the public, but chose to ignore it.

27. Hammond was negligent at the time of plaintiff's injury. While in the scope of his employment, Defendant Hammond recklessly and intentionally merged into the left lane that is meant for oncoming traffic. Because he did so without checking to see if the merge was safe, Hammond crashed into Plaintiff's vehicle.

28. Defendant Wylie could reasonably have anticipated that entrusting a vehicle to a reckless and inexperienced driver would result in an injury. The size of the truck, as well as the skill that it takes to drive such a large vehicle, should have put Defendant Wylie on notice that any reckless operation of such a vehicle could result in injury.

29. Further, Defendant Wylie failed to properly train and enforce safety policies established as industry standards for ensuring the safe transportation of commercial goods on US highways.

## H. DAMAGES

30. As a direct and proximate result of Defendant's conduct, Plaintiff is seeking the following damages:

    a. Injuries to his body;
    b. Severe physical and mental pain in the past and future;
    c. Severe mental anguish in the past and future;
    c. Physical impairment in the past and future;
    d. Lost wages and lost earning capacity in the past and future;
    e. Medical expenses in the past and future; and

   f. Physical disfigurement.

  31. As a direct and proximate result of the Defendant's negligence, Plaintiff has suffered injuries to his head, neck, ribs, arms, and back. The Plaintiff is also suffering from excruciating leg pain, and the Plaintiff has permanently lost full range of motion in his legs as a result of the incident in question. Plaintiff is also suffering from mental anguish and Post-Traumatic Stress Disorder.

  32. By reason of the foregoing injuries and damages, Plaintiff has been damaged far in excess of the minimum jurisdictional limits of the Court.

## I. EXEMPLARY DAMAGES

  33. Plaintiff's injuries resulted from defendant's gross negligence and malice, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code 41.003(a).

## J. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be duly cited to appear and answer this Complaint and that upon final hearing Plaintiff recovers as follows:

1. Actual and punitive damages;
2. Pre-judgment and post-judgment interest as provided by law;
3. Costs of Court;
4. Attorney's fees; and
5. Such other and further relief to which the Plaintiff may be justly entitled.

Respectfully submitted,

**THE MONSOUR LAW FIRM**

*/s/ Benton G. Ross*
BENTON G. ROSS
State Bar No. 24068124
benton@monsourlawfirm.com
DOUGLAS C. MONSOUR
State Bar No. 00791289
doug@monsourlawfirm.com
404 North Green Street
Post Office Box 4209
Longview, Texas 75606
(903) 758-5757
(903) 230-5010 (fax)
**ATTORNEYS FOR PLAINTIFF**